IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
JAN 23 2006
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HAROLD C. PERKINS and ALAYNE M. PERKINS | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL NO. 06-51 T |
| UNITED STATES OF AMERICA | § | |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

1. Plaintiffs Harold C. Perkins and Alayne M. Perkins ("Plaintiffs" or the "Perkinses") are citizens of the United States of America whose address is 1006 River Road, Buksport, MA. 04416.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, and 6230 of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiffs.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a) of the United States Code.

---

[1] References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

COUNT ONE
(Calendar Year 1993)

5. Harold C. Perkins and Alayne M. Perkins filed a timely joint federal income tax return for calendar year 1993 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-7063 and XXX-XX-3493, respectively.

6. Harold C. Perkins was a limited partner in El Rancho Vineyards ("ERV"), a California limited partnership.

7. On December 17, 2003, the Perkinses filed with the IRS a claim for refund of $4,552.00 related to the loss they realized upon the termination of ERV.

8. On January 23, 2004, the IRS disallowed that claim.

9. As grounds for recovery, the Perkinses restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1993:

A. ERV was an AMCOR partnership that was the subject of §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1985 losses.

D. As a direct consequence of the adjustments to the partnership items of this partnership, there was a substantial basis in the partnership interest and a resulting loss upon the worthlessness, dissolution, or termination of the partners' partnership interest, which loss is the basis of this claim for refund.

E. The IRS agreed to allow a capital loss equal to the adjustment to the AMCOR partners' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the Plaintiffs did not sell their partnership interests, this claim is based on the same increase in basis upon the final termination of the partnership interest.

F. However, the Plaintiffs are claiming an ordinary loss under Rev. Rul. 93-80. The Plaintiffs received no distribution of cash or marketable securities or relief of any partnership debt, therefore there was no deemed sale or exchange and Rev. Rul. 93-80 should apply.

G. The basis adjustment and loss is $17,508.00.

H. The increase in the basis in the partnership interests resulting in this refund claim were adjustments to affected items resulting from the adjustments to partnership items.

I. The Plaintiffs' claim was timely pursuant to §6230(c)(2)(B) because it was made within two years of the relevant court decision or settlement, and it was filed consistent with the IRS's instructions referenced above.

J. Alternatively, the loss should be allowed as a capital loss.

10. Over six (6) months have elapsed since the Perkinses filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

11. The Perkinses are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT TWO
(Calendar Year 1996)

12. Harold C. Perkins and Alayne M. Perkins filed a timely joint federal income tax return for calendar year 1996 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-7063 and XXX-XX-3493, respectively.

13. Harold C. Perkins was a limited partner in ERV.

14. On July 2, 2004, the Perkinses filed, in the alternative to the 1993 claim described above, a claim for refund of $840.00 related to the capital loss they realized upon the termination of ERV.

15. On May 17, 2004, the IRS disallowed that claim.

16. As grounds for recovery, the Perkinses restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1996:

A. ERV was an AMCOR partnership that was the subject of §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1985 losses.

D. As a direct consequence of the adjustments to the partnership items of this partnership, there was a substantial basis in the partnership interest which carried over to the AMCOR stock held for distribution on termination of the partnership interest and a resulting loss upon the worthlessness of that stock, which loss is the basis of this claim for refund.

 R:\DOCS\TAXCONT.T\(mwc1196.pe1.wpd

E. The IRS agreed to allow a capital loss equal to the adjustment to the AMCOR partners' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the Plaintiffs did not sell their partnership interests, this claim is based on the same increase in basis recognized as a capital loss upon the worthlessness of stock held for distribution to the Plaintiffs after the final termination of the partnership interest.

F. The basis adjustment and loss is $17,508.00.

G. The claims for 1997 and 1998 are the carryover portion of the long term capital losses that could not be used in prior years.

H. The increase in the basis in the partnership interests resulting in this refund claim were adjustments to affected items resulting from the adjustments to partnership items.

I. The Plaintiffs' claim was timely pursuant to §6511(d) because it was made within seven years of the date of the 1996 return.

17. Over six (6) months have elapsed since the Perkinses filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

18. The Perkinses are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

19.

COUNT THREE
(Calendar Year 1997)

20. Harold C. Perkins and Alayne M. Perkins filed a timely joint federal income tax return for calendar year 1997 and paid the taxes reported due on that return. Their taxpayer

identification numbers, as reflected on that tax return, are XXX-XX-7063 and XXX-XX-3493, respectively.

21. Harold C. Perkins was a limited partner in ERV.

22. On July 2, 2004, the Perkinses filed, in the alternative to the 1993 claim described above, a claim for refund of $2,883.00 related to the capital loss they realized upon the termination of ERV.

23. On May 17, 2004, the IRS disallowed that claim.

24. As grounds for recovery, the Perkinses restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1997:

A. ERV was an AMCOR partnership that was the subject of §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1985 losses.

D. As a direct consequence of the adjustments to the partnership items of this partnership, there was a substantial basis in the partnership interest which carried over to the AMCOR stock held for distribution on termination of the partnership interest and a resulting loss upon the worthlessness of that stock, which loss is the basis of this claim for refund.

E. The IRS agreed to allow a capital loss equal to the adjustment to the AMCOR partners' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the Plaintiffs did not sell their partnership interests, this

claim is based on the same increase in basis recognized as a capital loss upon the worthlessness of stock held for distribution to the Plaintiffs after the final termination of the partnership interest.

F. The basis adjustment and loss is $17,508.00.

G. The claims for 1997 and 1998 are the carryover portion of the long term capital losses that could not be used in prior years.

H. The increase in the basis in the partnership interests resulting in this refund claim were adjustments to affected items resulting from the adjustments to partnership items.

I. The Plaintiffs' claim was timely pursuant to §6511(d) because it was made within seven years of the date of the 1996 return.

25. Over six (6) months have elapsed since the Perkinses filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

26. The Perkinses are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT FOUR
(Calendar Year 1998)

27. Harold C. Perkins and Alayne M. Perkins filed a timely joint federal income tax return for calendar year 1998 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-7063 and XXX-XX-3493, respectively.

28. Harold C. Perkins was a limited partner in ERV.

29. On July 2, 2004, the Perkinses filed, in the alternative to the 1993 claim described above, a claim for refund of $853.00 related to the capital loss they realized upon the termination of ERV.

30. On May 17, 2004, the IRS disallowed that claim.

31. As grounds for recovery, the Perkinses restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1998:

A. ERV was an AMCOR partnership that was the subject of §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1985 losses.

D. As a direct consequence of the adjustments to the partnership items of this partnership, there was a substantial basis in the partnership interest which carried over to the AMCOR stock held for distribution on termination of the partnership interest and a resulting loss upon the worthlessness of that stock, which loss is the basis of this claim for refund.

E. The IRS agreed to allow a capital loss equal to the adjustment to the AMCOR partners' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the Plaintiffs did not sell their partnership interests, this claim is based on the same increase in basis recognized as a capital loss upon the worthlessness of stock held for distribution to the Plaintiffs after the final termination of the partnership interest.

F. The basis adjustment and loss is $17,508.00.

G. The claims for 1997 and 1998 are the carryover portion of the long term capital losses that could not be used in prior years.

H. The increase in the basis in the partnership interests resulting in this refund claim were adjustments to affected items resulting from the adjustments to partnership items.

I. The Plaintiffs' claim was timely pursuant to §6511(d) because it was made within seven years of the date of the 1996 return.

32. Over six (6) months have elapsed since the Perkinses filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

33. The Perkinses are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

WHEREFORE, Plaintiffs Harold C. Perkins and Alayne M. Perkins pray for judgment against the Defendant the United States of America in the amount of $4,552.00, or in the alternative for $4,576.00, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)